UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-25274-JEM

**JORGE RUIZ** and **DANIEL SOTO,**

    Plaintiffs,

v.

**THE CONNECTION MOTORS, INC.,** a Florida corporation**,** and
**ANTONIO MELERO,** individually**,**

    Defendants.

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT AND FOR DISMISSAL WITH PREJUDICE**

Plaintiffs Jorge Ruiz and Daniel Soto ("Plaintiffs"), and Defendants The Connection Motors, Inc. and Antonio Melero ("Defendants"), by and through the undersigned counsel, file this Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice, and state as follows:

**PRELIMINARY STATEMENT**

Plaintiffs filed an Amended Complaint [DE 11] alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") by failing to pay minimum wages. The Defendants deny any wrongdoing under the FLSA.

To avoid the costs and uncertainty of litigation, the Parties have negotiated a settlement of all claims by the Plaintiffs against all the Defendants. The Parties submit their Settlement Agreement attached hereto as Exhibit "A," for the Court's review and approval. Accordingly, the Parties request that the Court approve the terms of the settlement agreement in this matter pursuant to Lynn's Food Stores Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), dismiss this case with prejudice, and retain jurisdiction to enforce the terms of the Parties' settlement.

**MEMORANDUM OF LAW**

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court.  See Lynn's Food Stores, Inc., 679 F.2d at 1350.  To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  Id. at 1354.  If the settlement meets the afore-mentioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. Id; see also Sneed v. Sneed's Shipbuilding, Inc., 545 F.2d 537, 539 (5th Cir. 1977).

Plaintiffs filed this lawsuit against Defendants alleging that Defendants violated the FLSA by failing to pay Plaintiff certain wages that Plaintiffs allege were due.  Defendants vigorously deny these claims, maintain that the Plaintiffs were paid for all of their hours worked and otherwise deny any violation of the FLSA.

In an abundance of caution, however, the Defendants are paying Plaintiffs a gross amount of Eight Thousand One Hundred Dollars ($8,100.00)[1], and a net amount of Seven Thousand Six Hundred Dollars ($7,600.00), to resolve the wage claims, with the following breakdown:

> Four Thousand Dollars ($4,000.00) to be paid to Plaintiff Jorge Ruiz, and Three Thousand Six Hundred Dollars ($3,600.00) to be paid to Plaintiff Daniel Soto ($4,100.00 gross).  Defendants believe this is to be more than a 100% full recovery of back wages.  Defendants are also paying Plaintiffs' attorneys' fees and costs in the amount of Four Thousand Nine Hundred Dollars ($4,900.00). In addition, Plaintiff DANIEL SOTO is returning a 2014 Nissan Maxima S, to Defendants.

This case involves contested issues of both liability and the amount of damages, if any.  For example, but by no means an exhaustive list, there is a genuine dispute as to the amount of wages, if

---

[1] Defendants, having received the consent and agreement of the Plaintiffs, are deducting $500.00 from the settlement proceeds of Plaintiff Daniel Soto to cover the cost of the shipment of the vehicle to Defendants'.

any, owed to Plaintiff, whether Plaintiffs were properly compensated for that time, whether the individual Defendant was liable under the FLSA, and whether the alleged violation was willful. Had Defendants succeeded on these issues, the Plaintiffs' damages would have been reduced or foreclosed.

Nevertheless, the Parties have agreed to settle this dispute as stated on the record at the conclusion of the Settlement Conference which took place on April 11, 2017 before the Honorable Judge Jonathan Goodman, and have agreed to dismiss this case with prejudice. The Parties agree that the settlement terms represent a fair and equitable resolution of this matter in light of the contested issues in this case. For these reasons set forth above, in addition to the fact that the Parties were represented by competent counsel having experience in FLSA claims, the agreement is reasonable, and this Court should approve the Settlement. The Parties further request the Court retain jurisdiction to enforce the terms of the Parties' Settlement.

Plaintiffs' counsel has attached the Engagement Letters for Plaintiffs (Exhibit "A"), copies of attorney fee billing (attached as Exhibit "B"), and documents to confirm costs (attached as Exhibit "C").

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement of Plaintiff's claims; (2) dismissing this action with prejudice; (3) retaining jurisdiction to enforce the terms of the settlement; and, (4) granting the Parties such further relief as the Court deems just.

Dated: May 1, 2017

Respectfully submitted,

| MILITZOK LAW, P.A. | MARCUS LAW CENTER, LLC |
|---|---|
| *Attorney for Plaintiffs* | *Attorneys for Defendants* |
| 4600 Sheridan Street, Suite 402 | 2600 Douglas Road, Suite 1111 |
| Hollywood, Florida 33021 | Coral Gables, FL 33134 |
| (954) 780-8228 - Telephone | 305.507.1203 Tel. |
| (954) 719-4016– Facsimile | 305.507.1204 Fax |
| bjm@militzoklaw.com | nvicente@marcuslawcenter.com |
| By: /s/ Brian Militzok | By: /s/Nicholas M. Vicente |
| BRIAN J. MILITZOK, ESQ | NICHOLAS M. VICENTE, ESQ. |
| Fla. Bar No.: 0069993 | Fla. Bar No.: 72917 |